IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBYN SMITH,**

    **Plaintiff,**

                                      Civil Action 2:19-cv-01341
    v.                          Chief Magistrate Judge Elizabeth P. Deavers

**UNITED STATES OF AMERICA,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Stay Proceedings (ECF No. 2), Defendant's Response in Opposition (ECF No. 11), and Plaintiff's Reply (ECF No. 13). For the following reasons, Plaintiff's Motion is **DENIED**. (ECF No. 2.)

## I.

Plaintiff filed her Complaint on April 10, 2019 and her Motion to Stay Proceedings on the same day. (ECF Nos. 1 & 2.) Plaintiff brings her claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, as amended, for medical malpractice and medical negligence, loss of consortium, and wrongful death. (ECF No. 1.) Defendant filed an Answer to the Complaint on June 17, 2019, and a Response in Opposition to Plaintiff's Motion on the same day. (ECF Nos. 10 & 11.) Plaintiff filed a Reply on July 1, 2019. (ECF No. 13.)

Plaintiff's claims in the instant action arise from her deceased husband's treatment at the Hopewell Health Clinic, Inc. (ECF No. 1 at ¶¶ 7, 17, 21.) The Hopewell Health Clinic, Inc. is deemed to be a federal employee for purposes of the Federal Tort Claims Act under 42 U.S.C. § 233(g). (*Id.* at ¶¶ 13.) Furthermore, Plaintiff's deceased husband was a longtime patient of Dr.

John Eric Crawford who was, at times, an employee of Hopewell Health and, at times, an employee of a nonfederal entity. (*Id.* at ¶¶ 13, 14, 17, 21.) Accordingly, Dr. Crawford's care during his time as a deemed federal employee is implicated in this case. (ECF No. 11, at pg. 2.)

Plaintiff moves to stay the proceedings on the basis that there is a pending action in the Court of Common Pleas for Franklin County, Ohio which she asserts is related. (ECF No. 2.) She further asserts that discovery in the state court case "may reveal that the claims against Dr. Crawford during his time at Hopewell are not at issue in this case." (*Id.*) Plaintiff also asserts that while the statute of limitations is not forthcoming, she filed a suit in this Court "in an abundance of caution . . . to preserve her claims." (*Id.*) Defendant opposes Plaintiff's Motion on the basis that there is no indication that Plaintiff will be burdened by continuing the federal litigation, that a stay of this case is not a judicially economical solution, and the state court case does not encompass his interests. (ECF No. 11.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation

2

on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

Regarding a motion to stay proceedings based on a pending state court action, the pending state court action "is generally no bar to federal proceedings." *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 602 (W.D. Tenn. March 22, 2011) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)). However, in "exceptional" circumstances, the *Colorado River* doctrine permits federal courts to stay an action "pending resolution of a similar state action based on judicial economy and federal-state comity." *Id.* (citing *Colorado River*, 817–18.) When "exceptional" circumstances exist, the doctrine provides a narrow exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, at 817; *see also Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) ("Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.") (internal quotations and citation omitted).

In determining whether the *Colorado River* doctrine applies, courts first ask whether there are parallel proceedings in state court. *Wright*, 782 F. Supp. 2d at 602 (citing *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2008); *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984); *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) (referring to whether cases are parallel as a threshold question)). If the court determines that parallel proceedings exist, the court then considers the factors articulated in *Colorado River*, as modified by subsequent cases, and balances those factors "to determine whether abstention is

proper based on the particular facts of the case before it." *Wright*, 782 F. Supp. 2d at 602 (citations omitted). The United States Supreme Court identified eight factors that district courts should consider: (1) whether the state has assumed jurisdiction over any *res* or property; (2) is the federal forum less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340–41.

## III.

The Court concludes that Plaintiff has failed to demonstrate that a stay of the proceedings is justified. Federal and state proceedings are parallel if they are "substantially similar." *Bates*, 122 F. App'x at 806; *Romine*, 160 F.3d at 340. While parties do not have to be identical between the two proceedings, as a general rule "parallel proceedings involve the *same* plaintiff against the *same* defendant." *Total Renal Care, Inc. v. Chilers Oil Co.*, 743 F. Supp. 2d 609, 614 (E.D. Ky. 2010) (citations omitted) (emphasis in original). Here, while Plaintiff holds the same role in both actions, the Defendant in the instant proceeding is not a party to the state court action. *See Wright*, 782 F. Supp. 2d at 603 ("Neither *Romine* nor any other Sixth Circuit authority stands for the proposition that, where there is no overlap between defendants in state and federal actions, the presence of different parties is irrelevant.").

Furthermore, "[i]f a state court action and a federal action are truly parallel, resolution of the state court action will also resolve all issues in the federal action." *Wright*, 782 F. Supp. 2d at 603 (citing *Kopacz v. Hopkinsville Surface & Storm Water Utility*, 714 F. Supp. 2d 682, 688 (W.D. Ky. 2010) ("Although the parties are nearly identical and the cases arise from largely the

same facts, these cases are not parallel since there are claims that will not be decided by the state court.") (additional citations omitted). Here, Plaintiff asserts that discovery in the state court action "may reveal that the claims against Dr. Crawford during his time at Hopewell are not at issue and that there is no reason to continue to pursue the claims in federal court." (ECF No. 13, at pg. 2.) While it may be true that discovery could indicate that "there is no reason to continue to pursue the claims in federal court[,]" it is not true that resolution of the state court action will also resolve all issues in the federal action. Indeed, because Defendant in the instant action is not a party to the state court action, resolution of the federal proceeding is required no matter the outcome of the state court proceeding. *See Wright*, 782 F. Supp. 2d at 604 (finding that because the defendant in the federal proceeding was not a defendant in the state court proceeding, the state court "would have no reason to decide whether [the federal-proceeding defendant] owed and breached any duty to Plaintiff and the Class Members.").

On the basis that resolution of the state court proceeding would not resolve this federal case, and because the United States is not a party in the state action, abstention under the *Colorado River* doctrine would be improper. The Court concludes that it must exercise jurisdiction and adjudicate this controversy. *See Wright*, 782 F. Supp. 2d at 604–05 (citations omitted).

### IV.

For the foregoing reasons, the Court finds that Plaintiff has not carried her burden to show that a stay of the proceedings is appropriate under the circumstances presented in this case. Plaintiff's Motion to Stay Proceedings is, therefore, **DENIED**. (ECF No. 2.)

**IT IS SO ORDERED.**

**Date: August 14, 2019**        */s/ Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **CHIEF UNITED STATES MAGISTRATE JUDGE**